UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUNGERSTATION LLC, | No. 20-15090 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05861-HSG |
| v. | Northern District of California, Oakland |
| FAST CHOICE LLC, DBA Pace; INSPIRING TRADING APPS LLC, DBA Swyft, | ORDER |
| Defendants-Appellees. | |

Before: CHRISTEN and BADE, Circuit Judges, and FEINERMAN,* District Judge.

The concurrence to the memorandum disposition filed on March 15, 2021 is amended and filed concurrently with this order. The panel has unanimously voted to deny the petition for panel rehearing. The petition for panel rehearing (Dkt. 54) is DENIED. No future petitions for rehearing or rehearing en banc will be entertained.

---

* The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUNGERSTATION LLC, | No. 20-15090 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05861-HSG |
| v. | |
| FAST CHOICE LLC, DBA Pace; INSPIRING TRADING APPS LLC, DBA Swyft, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before: CHRISTEN and BADE, Circuit Judges, and FEINERMAN,[***] District
Judge.
Amended Partial Concurrence by Judge FEINERMAN

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

Plaintiff Hungerstation LLC sued defendants Fast Choice LLC, DBA Pace (Pace) and Inspiring Trading Apps LLC, DBA Swyft (Swyft) for allegedly recruiting Hungerstation's former employees to steal its confidential and proprietary information. The district court dismissed for lack of personal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

We review de novo. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the district court did not hold an evidentiary hearing, we construe uncontroverted allegations in the complaint as true and resolve any factual disputes in the plaintiff's favor. *Id.* The initial burden is on the plaintiff to make a prima facie showing of jurisdiction, and if met, the burden shifts to the defendant to "come forward with a 'compelling case'" that the assertion of jurisdiction would be unreasonable. *Id.* at 1016 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

1.  Hungerstation argues on appeal that the district court had personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). Pursuant to Rule 4(k)(2), a district court may assert personal jurisdiction over a defendant if: (1) the plaintiff's claim or claims "arise under federal law"; (2) the defendant is "not

---

[1] The parties are familiar with the facts and we recount them only as necessary to resolve the appeal.

2

subject to the personal jurisdiction of any state court of general jurisdiction"; and (3) exercising jurisdiction is consistent with the United States Constitution and laws; in other words, it "must comport with due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). "The due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, [the court] consider[s] contacts with the nation as a whole." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).[2]

The first element is uncontested because Hungerstation brings several claims that arise under federal statutes.

We next consider whether the defendants are subject to jurisdiction in any state court of general jurisdiction. This element is also satisfied because neither Pace nor Swyft identifies a state where they are subject to general jurisdiction. *Id.* at 461.

---

[2] "California's long-arm statute is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citation omitted). We are not persuaded by Hungerstation's argument that jurisdiction is proper under Rule 4(k)(1), because Hungerstation failed to show that defendants are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1).

Finally, we consider whether asserting personal jurisdiction conforms with due process. This part of our analysis is guided by the minimum contacts test. Under the three-part inquiry of this test:

> (1) The non-resident defendant *must purposefully direct his activities or consummate some transaction with the forum* or resident thereof; *or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum*, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; *and*
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (emphasis added) (citation omitted).

The minimum contacts test is cumulative; all steps must be satisfied to support jurisdiction. *See id.* at 609. Hungerstation fails to prevail at step one. Despite Hungerstation's argument to the contrary, the alleged tortious conduct took place in Saudi Arabia. Because the conduct "was committed outside the forum," a "purposeful direction analysis naturally applies." *Id.* at 605. This analysis asks whether the defendants: (1) committed an intentional act; (2) expressly aimed at the forum state; (3) that caused harm the defendants knew would likely be suffered

in the forum state. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984).

Here, Hungerstation alleges defendants committed intentional acts by remotely accessing servers containing its confidential source code and proprietary business information, copying it, and transferring it to servers leased by defendants. But the complaint does not allege that defendants' acts were expressly aimed at the United States; the location of the servers was fortuitous. Our circuit has never decided that personal jurisdiction is proper over a private foreign entity solely because that entity engaged in tortious conduct from a location outside of the United States by remotely accessing servers located in the United States. Likewise, no authority supports the proposition that the act of using a third-party company's server in the United States to host illegally-obtained information, without more, is sufficient to convey personal jurisdiction. At bottom, Hungerstation, Pace, and Swyft are competing Saudi Arabian corporations, they do business exclusively in Saudi Arabia, and they have no employees or property in the United States. Notably, Hungerstation did not copyright the misappropriated information until after the alleged tortious conduct had occurred, and even if it had been copyrighted when it was misappropriated, we have held that a defendant who infringes a copyright directs his conduct at the location where the economic loss

5

occurs or where the holder of the right is located. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 678–79 (9th Cir. 2012), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). Here, both of those factors point to Saudi Arabia. Hungerstation's allegations fall short of establishing that defendants' acts were expressly aimed at the United States.[3]

Even assuming that Hungerstation were to prevail at minimum contacts step one (here, purposeful direction), and at minimum contacts step two (that the claims arise or relate to defendants' activities in the forum), Hungerstation fails to satisfy minimum contacts step three because defendants satisfied their burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Dole*, 303 F.3d at 1114 (quoting *Burger King*, 471 U.S. at 477. To evaluate reasonableness, we consider seven factors:

> (1) [T]he extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy;

---

[3] Because we conclude Hungerstation has failed to show defendants' acts were expressly aimed at the United States, we do not reach the last element of the effects test: whether Pace and Swyft caused harm that they knew was likely to be suffered in the forum state.

> (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream*, 905 F.3d at 607 (citing *Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064–65 (9th Cir. 1985)).

Here, because Hungerstation is a resident of Saudi Arabia, Pace's and Swyft's contacts with the United States are less significant. *Paccar*, 757 F.2d at 1065 (concluding where misconduct is "aimed at a nonresident . . . the extent of [defendants'] purposeful interjection into [the forum] was negligible."). The remaining factors also point in defendants' favor. The percipient witnesses are located in Saudi Arabia, the documents are mainly in Arabic, and the United States' interest in the dispute is diminished because Hungerstation did not copyright the information until after the alleged theft. Finally, Hungerstation elected to conduct business exclusively in Saudi Arabia and so we are not persuaded by Hungerstation's argument that Saudi Arabia is an inappropriate forum to resolve disputes arising from its business there.

2.      Because we conclude the district court did not err by dismissing the complaint for lack of personal jurisdiction, we do not reach whether the district court erred by considering the declaration of Hungerstation's executive Rakan Dmairi.

7

**AFFIRMED.**  Plaintiff-appellant to bear costs.

*Hungerstation LLC v. FastChoice LLC*, No. 20-15090

FEINERMAN, District Judge, concurring in part and concurring in the judgment:

I would affirm the district court's judgment solely on the ground that, under the unusual facts and circumstances of this case, and regardless of the copyright status of the allegedly misappropriated materials, exercising personal jurisdiction over the defendants would not comport with traditional notions of fair play and substantial justice. *See Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1065–66 (9th Cir. 1985).